Christopher James GRASSE,
Plaintiff—Appellant,

v.

Lawrence J. DELANEY; United States
of America, Defendants—Appellees,

and

Whitten F. Peters, Defendant.

No. 02–35662.

D.C. No. CV–00–00178–JWS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2003.

Decided Sept. 30, 2003.

Christopher James Grasse, Eagle River, AK, Isaac D. Zorea, Esq., Anchorage, AK, for Plaintiff–Appellant.

Retta-Rae Randall, USAK–Office of the U.S. Attorney, Anchorage, for Defendant–Appellee.

Before PREGERSON, CANBY, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

Christopher Grasse filed an action in district court against the United States Air Force, alleging that he was unlawfully discriminated against on the basis of his gender and that he was unlawfully retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964. The district court granted summary judgment in favor of the Air Force, and Grasse appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

■ Grasse has failed to present facts necessary to survive his summary judgment burden. While Grasse's evidence may suggest that he and his supervisor, Maxine Henry, did not get along, it does not establish a triable issue of fact over whether Grasse's January 30, 1995 coun-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

seling session and his subsequent termination in April, 1995 were motivated by discriminatory animus. *See* Fed.R.Civ.P. 56(c).

■ Grasse also has failed to create a genuine issue of fact with respect to his retaliation claims. Although Grasse alleges that the January 30, 1995, counseling was taken in retaliation for his decision to file several EEO complaints, the counseling could not have been retaliatory because it occurred prior to the filing of the EEO complaint. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir.2003) (noting that a causal link between protected activity and a retaliatory action can be inferred from the fact that the retaliatory action occurred soon after the protected activity). Grasse's evidence with respect to his April 1995 termination does not create a triable issue that the termination was retaliatory.

AFFIRMED.